

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Franklin County
Mt. Vernon, Texas

Dear Sir:

Opinion No. O-3316
Re: What are legal costs as
contemplated in Sec. 4
of Art. 5561a, V.A.C.S.,
and related questions.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"I am writing you concerning the proper construction of Sec. 4 of Article 5561-A as passed by acts of 1937; RCS.

"This section deals with the restoration of sanity; procedure; effect of findings; and costs. This section provides that all cost of restoration shall be paid by the County.

"Article 5561, revised Civil Statutes, under Title 92, Lunacy, provides that Officers shall be allowed the same fees as are now allowed for similar services in misdemeanor cases. The question is:

"First: What are legal costs as is contemplated in Sec. 4?

"Second: Is the County Attorney allowed a fee for participation in a hearing on restoration of sanity and if so, under what circumstances?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. B. Caudle, Page 2

"The usual procedure is the party seeking
relief comes to the County Attorney or the
County Judge who refers him to the County At-
torney to draw up the proper affidavit for
the doctor to sign.  The affidavit is filed;
the County Judge asks the County Attorney
to make an investigation of the issue and to
be present and to appear as counsel at the
hearing.

"The above section provides that if there
appears no doubt as to said issue of sanity the
Judge may proceed to try the case without the
intervention of a jury.  The County Attorney
took part in the hearing and concurred with
the Judge that there was no doubt as to such
issue, whereupon the Judge found the party of
sound mind and requested the County Attorney
to draw up a judgment reflecting his decision.
In event the County Attorney concurs with the
Judge on the question of the issue of sanity
should the County Attorney file a written
answer to that effect.  In event the County
Attorney does not agree with the Judge on
the issue of sanity and contests same, would
the County Attorney be entitled to a fee if
the party is found to be of sound mind?

"In short, when is a County Attorney al-
lowed a fee for services in a case under said
section?

"In view of Article 5561, above mentioned,
which allows the same fee as in misdemeanor
cases for services in a lunacy trial, I con-
cluded that the same fee ($10.00) is a prop-
er charge for the County Attorney under Sec.
4 of the above article mentioned herein under
the foregoing state of facts, and that the
County Judge, County Clerk, and Sheriff would
be entitled to fees for services rendered
under said Sec. 4."

Sections 4 and 5 of Article 5561a, Vernon's Annotated
Civil Statutes, read as follows:

"Sec. 4.  Upon the filing in the county
court in which a person was convicted or in

the county court of the county in which a
person is located at the time he is alleged
to have had his right mind restored, infor-
mation in writing and under oath made by a
physician legally licensed to practice medicine
in Texas, that a person not charged with a
criminal offense, who has been adjudged to be
of unsound mind, has been restored to his
right mind, the judge of said court shall
forthwith, either in term time or vacation,
order said person brought before him by the
sheriff of the county and if said issue be in
doubt said judge shall cause a jury to be sum-
moned and impaneled in the same manner as is
provided for in Section 3 hereof and shall
proceed to the trial of said issue, or if there
appears no doubt as to said issue, said judge
may try the same without the intervention of a
jury, and if said person shall be found to be
of sound mind, a judgment shall be entered
upon the minutes of said court reciting and
adjudging such fact and said person shall, if
then under restraint, be immediately discharged,
or in the event he shall be found to be still
of unsound mind, he shall be returned by the
county court to the place of restraint from
which he had been previously ordered, and the
original order of commitment shall continue in
full force and effect. All costs of proceed-
ings of restoration shall be paid by the county.

"Sec. 5. This Act shall be cumulative of
Articles 5550 to 5561 inclusive of Title 92,
Revised Civil Statutes of the State of Texas,
1925 revision."

Articles 5550--5561, inclusive, Vernon's Annotated
Civil Statutes, and the first three sections of Article 5561a,
provide for the apprehension, arrest and trial of persons not
charged with criminal offense, alleged to be of unsound mind.
It is further provided in such cases that the officer shall
be allowed the same fees as are now allowed for similar services
performed in misdemeanor cases, and the jurors shall each be al-
lowed a fee of One Dollar ($1.00), to be paid out of the estate
of the defendant if he has an estate, otherwise by the county on
accounts approved by the county judge. We do not think that the
above statutes setting forth the procedure mentioned therein and

providing certain compensation for officers have any application concerning or regarding restoration proceedings as mentioned in Section 4 of Article 5561a.

The manner and method of a restoration proceeding or hearing is specifically set out in Section 4, quoted above, and no duty is imposed upon the county attorney to represent the State in such a hearing or proceeding. The provision of Section 4, supra, providing "all costs of proceedings of restoration shall be paid by the county" is vague, uncertain, and indefinite. We believe the Legislature intended that all costs be paid in such proceedings, however, no method to determine the amount of such costs is prescribed as there is no "yard stick" by which to measure the amount of such costs. We think the provision "all costs of proceedings of restoration shall be paid by the county" is meaningless, and of no effect.

It must be remembered statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. McCalla v. City of Rockdale, 246 S. W. 654.

The Constitution fixed the compensation of certain officers and authorized the Legislature to provide by law for the compensation of all officers, servants, agents and public contractors. Pursuant to the authority thus conferred, numerous statutes have been passed fixing the compensation of various classes of officers. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Binford v. Robinson, 244 S. W. 807; McLennan County v. Boggess, 217 S. W. 346; Duhlos v. Harris County, 291 S. W. 611, affirmed 298 S. W. 417; Crosby County Cattle Company v. McDeimett, 281 S. W. 293.

In view of the foregoing, you are respectfully advised that it is the opinion of this department that there is no duty imposed upon the county attorney to represent the State in such proceedings as provided by Section 4 of Article 5561a, and said statute or any other statute does not provide any fees for the county attorney or any other officer conducting such hearings.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED APR 5, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN

AW:RS